**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ULAN SHAMYRZAEV,** | **)** | |
| | **)** | |
| **Petitioner,** | **)** | |
| | **)** | |
| **v.** | **)** | **Case No. CIV-26-1118-J** |
| | **)** | |
| **CHRIS GANTT,[1] et al.,** | **)** | |
| | **)** | |
| **Respondents.** | **)** | |

**<u>REPORT AND RECOMMENDATION</u>**

Petitioner Ulan Shamyrzaev, a noncitizen[2] and Kyrgyzstani national proceeding

with counsel, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging

under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement

("ICE").  United States District Judge Bernard M. Jones, II referred this matter to the

undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C).  Doc. 3.

The undersigned set an expedited briefing schedule, Doc. 8, and the Petition is at issue.

For the reasons set forth below, the undersigned recommends the Court grant the Petition,

Doc. 1, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8

U.S.C. § 1226(a) within five business days or otherwise to release him if there is no hearing

within that time.

---

[1] Chris Gantt was announced as Warden of Cimarron Correctional Facility in May 2026.
He replaces Scarlet Grant and is substituted as the proper respondent pursuant to Federal
Rule of Civil Procedure 25(d).

[2] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as
equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020)
(citing 8 U.S.C. § 1101(a)(3)).

## I.    <u>Background</u>

Petitioner, a citizen of Russia born in what is now the Kyrgyz Republic, lawfully presented himself for inspection at the San Ysidro Port of Entry on February 12, 2023.  Pet. at 11-12; Doc. 1-1 at 7 (Notice to Appear).  On the same day, Petitioner was granted humanitarian parole under 8 U.S.C. § 1182(d)(5)(A) with an authorized period of admission through February 11, 2024.  Pet. at 12; Doc. 1-1 at 12 (Petitioner's I-94 Admission Record); Resp. at 2.  Also on February 12, 2023, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear and charged him with being inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an immigrant not in possession of valid entry documents.  Pet. at 12; Doc. 1-1 at 7, 10.  At some point after his parole, Petitioner timely filed an Application for Asylum, which remains pending.  Pet. at 13; Resp. at 2.  Since his parole, Petitioner lived in the United States and alleges he complied with all conditions of release, including attending court appearances and prosecuting his asylum petition.  Pet. at 1, 14-15.

On May 6, 2026, the Oklahoma Highway Patrol arrested Petitioner during a routine commercial vehicle inspection near Marietta, Oklahoma, while he was working as a truck driver.  *Id*. at 1, 16-17; Resp. at 2.  Petitioner was then transferred to ICE custody.  Pet. at 1, 18; Resp. at 2.  Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(1).  Resp. at 1.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma.  Pet. at 5, 18; Doc. 1-1 at 44 (ICE Locator).  He was later transferred and is currently detained at the Rio Grande Detention Center in Laredo, Texas.  *See* Doc.

10 (informing the Court of Petitioner's transfer); Resp. at 2 (confirming detention at Rio Grande Detention Center); *see also* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited July 22, 2026).[3]

## II.    Petitioner's Claims

Petitioner asserts three counts in his Petition.

- **Count I: Violation of the Immigration and Nationality Act ("INA").** Petitioner alleges his continued detention under § 1225(b) is unlawful and violates the INA because (1) § 1225(b)(2) does not apply to noncitizens, like him, who previously entered the country and have been residing in the United States before being apprehended and placed in removal proceedings, and (2) when his parole expired he did not revert to an "arriving alien" under § 1225(b)(1). Pet. at 19-21. He further alleges he is properly detained under § 1226(a) as the default detention authority. Pet. at 19.

- **Count II: Violation of ICE Bond Regulations**. Petitioner alleges his continued detention under § 1225(b)(2) contravenes long-standing agency regulations. Pet. at 21-23.

- **Count III: Violation of Due Process**. Petitioner alleges his continued detention without an individualized bond redetermination hearing violates his right to due process under the balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). Pet. at 23-26.

---

[3] Petitioner alleges his "transfer does not affect the Court's jurisdiction over the Petition." Doc. 10 at 2. Respondents do not dispute this assertion. The undersigned agrees and concludes Petitioner's transfer after he filed his Petition does not impact the Court's ability to adjudicate the Petition. *See Pinson v. Berkebile*, 604 F. App'x 649, 652-53 (10th Cir. 2015) (holding when a petitioner "filed his habeas petition" while detained in this district, "his transfer does not defeat that initial jurisdiction"); *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) (explaining "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release").

He asks the Court to "issue a writ of habeas corpus and order Respondents to release Petitioner from custody immediately," or alternatively, to order that within seven days "Respondents shall provide Petitioner with an individualized bond hearing before a neutral Immigration Judge at which the government bears the burden of proving by clear and convincing evidence that Petitioner is a danger to the community or a flight risk." *Id.* at 27 (citation modified). Petitioner also requests additional declaratory and injunctive relief, including an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA").[4] *Id.* at 27-29.

### III.   <u>Standard of Review</u>

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

### IV.   <u>Analysis</u>

#### A.   **Section 1226(a) applies to Petitioner's detention.**

The two sections of the INA at issue are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation

---

[4] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B). Thus, the Court need not address this request at this juncture.

modified).  Section 1225(b)(1) "governs procedures for the inspection of aliens arriving in the United States who have not been admitted or paroled."  *M.S.P.C. v. U.S. Customs & Border Prot.*, 60 F. Supp. 3d 1156, 1161 (D.N.M. 2014) (citing § 1225(b)(1)).

> Aliens who have not been admitted or paroled into the United States and who have not satisfactorily demonstrated to an immigration officer that the alien has been physically present in the United States continuously for the prior two years are subject to expedited removal without further hearing or review, unless the alien indicates an intention to apply for asylum or a fear of persecution, at which point the immigration officer shall refer the alien for an interview by an asylum officer.

*Id.* (citing § 1225(b)(1)(A)(i)-(iii)).  Section 1225(b)(1)(B)(ii) further requires that, if an asylum officer determines that a noncitizen has a credible fear of persecution, the noncitizen shall be detained for further consideration of the application for asylum.

Fundamentally, under § 1225(b)(1), a noncitizen who arrives at a port of entry and applies for admission is ordered removed "without further hearing or review" unless the noncitizen "indicates either an intention to apply for asylum" or expresses a fear of persecution.  If Petitioner is subject to this "expedited removal" under § 1225(b)(1), he is not entitled to a bond hearing.  But noncitizens detained under § 1225(b)(1)(B)(ii) can be paroled under 8 U.S.C. § 1182(d)(5)(A).  On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Petitioner alleges he is improperly detained under § 1225(b)(1) because that provision does not apply to him now that his parole expired and he has remained in the

5

country.  Pet. at 10-11.  He further alleges he is properly detained under § 1226(a), the default detention authority for noncitizens in pending removal proceedings.  Pet. at 7-8. Respondents maintain Petitioner is an arriving alien and properly detained under § 1225(b)(1) because he was classified as an arriving alien in February 2023, and when his parole expired he "reverted back to the status of an arriving alien seeking admission at the border under § 1225(b)(1)."  Resp. at 2-6.

The Tenth Circuit recently rejected the statutory interpretation of § 1225 as urged by Respondents.  *Santillan Quiroz v. Mullin*, --- F.4th ---, No. 26-6019, 2026 WL 1876709, at *4-17 (10th Cir. June 30, 2026).  In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country."  *Id.* at *7 (citation modified).  Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)."  *Id.* at *5.  While *Santillan Quiroz* concerned a dispute over the proper interpretation of § 1225(b)(2)(A), not § 1225(b)(1), the Tenth Circuit observed that "§ 1225(b)(1) . . . is also limited to the border."  *Id.* at *13.

Further, it is undisputed when Petitioner was re-detained on May 6, 2026, he was in Oklahoma, more than 1,400 miles away from the San Ysidro Port of Entry and three years after he initially entered the country.  Pet. at 20; Resp. at 2.  The undersigned finds it implausible under these circumstances that Petitioner remains an "arriving alien."  Under § 1225(b)(1), "someone arriving in the United States is someone who has reached the border or a port of entry."  *Rafibaev v. Noem*, No. 26-CV-00461, 2026 WL 607559, at *3

6

(D. Colo. Mar. 4, 2026) (citation modified).  Thus, "upon his parole into the interior of the country, petitioner had arrived in the United States and was no longer a noncitizen *arriving in the United States.*"  *Id.* (emphasis added) (citation modified).

Judges in this District, including this Court, have found where a "Petitioner was paroled into the United States, permitted to reside in the interior of the country for several years, pursued his asylum application, and complied with the conditions of his release before being re-detained during a routine check-in with immigration authorities," his "detention is mo[st] naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)." *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026); *see also Drozdov v. Lyons*, No. CIV-26-365-SLP, 2026 WL 1470929, at *2 (W.D. Okla. May 26, 2026) (finding a noncitizen detained after revocation of § 1182(d)(5) humanitarian parole is held pursuant to § 1226(a)).

Therefore, based on Tenth Circuit precedent and consistent with this Court's prior decisions, the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention and order a bond hearing.  *See Imami v. Lyons*, No. CIV-26-566-J, 2026 WL 1896142, at *1-2 (W.D. Okla. July 1, 2026) (holding in accordance with *Santillan Quiroz* that a petitioner found within the United States is entitled to a bond hearing under § 1226(a)); *Kumar v. Johnson*, No. CIV-26-352-J, 2026 WL 937560, at *2 (W.D. Okla. Apr. 7, 2026) (finding "Petitioner's detention does not arise from any ongoing entry or inspection process, but from ICE's decision to place him in removal proceedings" and "in that posture, detention is properly understood as detention pending a decision on whether

the alien is to be removed, which falls within Section 1226(a), notwithstanding Petitioner's initial classification at the time of entry." (citation modified)).

### B.      The proper remedy is a bond hearing.

Petitioner asks that the Court "order Respondents to release Petitioner from custody immediately," or alternatively, order Respondents to "provide Petitioner with an individualized bond hearing before a neutral Immigration Judge at which the government bears the burden of proving by clear and convincing evidence that Petitioner is a danger to the community or a flight risk."  Pet. at 27.  The undersigned concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a).  *See Santillan Quiroz,* 2026 WL 1876709 at *17 n.13; *see also Imami*, 2026 WL 1896142, at *2 (concluding "the appropriate remedy" is for "Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a)").

Further, Judges in this District, including this Court, have consistently declined to order burden shifting.  *See, e.g., Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *1-2 (W.D. Okla. Apr. 16, 2026) (declining to reach petitioner's due process claims and concluding burden shifting to the government in a § 1226(a) bond hearing is premature and not ripe for adjudication before a bond hearing has been conducted).  Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond

hearing under § 1226(a) before a neutral IJ within five business days or otherwise release

him if he does not have a lawful bond hearing within that period.[5]

### C.    The Court should decline to address Petitioner's remaining claims.

Petitioner also argues his detention without a bond hearing violates ICE regulations

and his right to due process.  Pet. at 21-26.  If the Court grants Petitioner's requested relief

for a bond hearing under § 1226(a), the undersigned recommends the Court decline to

decide the merits of Petitioner's due process claim based on his continued detention

because at most he would be entitled to the same recommended relief of a bond hearing.

*See, e.g.*, *Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb.

26, 2026) (declining to decide the merits of a petitioner's due process claim when granting

a bond hearing pursuant to § 1226(a)).

### V.    Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **GRANT in**

**part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a

---

[5] While Judges in this District, including the undersigned have considered release for noncitizens whose earlier humanitarian parole under § 1182(d)(5) was improperly revoked, Petitioner has not sufficiently raised a claim alleging the circumstances of his parole revocation and re-detention entitle him to release rather than a bond hearing.  *See Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *2 (W.D. Okla. May 4, 2026) (ordering release where ICE improperly revoked petitioner's prior humanitarian parole); *accord Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).  Accordingly, the undersigned does not address such a claim or recommend Petitioner's release.

bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **July 29, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 22nd day of July, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

10