**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

ULAN SHAMYRZAEV, )
)
Petitioner, )
)
v. ) Case No. CIV-26-1118-J
)
CHRIS GANTT, et al., )
)
Respondents. )

**ORDER**

Petitioner Ulan Shamyrzaev, a Kyrgyzstani national, is currently in the custody of the U.S. Immigration and Customs Enforcement (ICE). He has filed a Petition for Writ of Habeas Corpus. (Petition) [Doc. No. 1]. The matter was referred to United States Magistrate Judge Chris M. Stephens who issued a Report and Recommendation [Doc. No. 16] recommending that the Court grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if he has not received a bond hearing within that period. Respondents filed a timely Objection (Obj.) [Doc. No. 17], triggering de novo review as to the portions of the Report and Recommendation to which a specific objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023). Petitioner filed a Response to Respondents' Objection. (Resp.) [Doc. No. 18].

For the reasons discussed below, the Report and Recommendation is ADOPTED and the Petition is GRANTED IN PART.

## I. Background

On February 12, 2023, Petitioner presented himself for inspection at the San Ysidro, California port of entry and was granted humanitarian parole under 8 U.S.C. § 1182(d)(5)(A). Petition ¶¶ 1–2, 35–38. That same day, ICE placed Petitioner into removal

proceedings through the issuance of a Notice to Appear charging him as inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I). *Id.* Petitioner subsequently filed an Application for Asylum, which remains pending. *Id.* ¶ 42. In February 2024, Petitioner's humanitarian parole expired. Petitioner alleges he has complied with all conditions of release and that on May 6, 2026, the Oklahoma Highway Patrol arrested him during a routine commercial vehicle inspection. *Id.* ¶¶ 54–58. He was then transferred to ICE custody and has remained in detention without a bond hearing. *Id.* ¶¶ 59–62. In May 2026, Petitioner filed this habeas action, arguing that his detention violates the Immigration and Nationality Act (INA), ICE's Bond Regulations, and the Fifth Amendment. As relief, Petitioner seeks immediate release or, alternatively, a bond hearing.

## II. Report and Recommendation

Upon review, Judge Stephens concludes that Petitioner's current detention is governed by 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1225(b)(1), because he was detained in the interior of the United States years after his initial entry and after his humanitarian parole expired. Consistent with this Court's prior decisions and the Tenth Circuit's observation in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), that "§ 1225(b)(1) . . . is also limited to the border," Judge Stephens recommends that Petitioner be afforded a bond hearing under § 1226(a). Rep. & Rec. at 4–8. Judge Stephens further recommends the Court should decline to address Petitioner's remaining claims. *Id.* at 8–9.

## III. Analysis

Respondents first object that Judge Stephens erred by proceeding as if Respondents asserted that § 1225(b)(2)(A) applies despite Respondents' argument that a different subsection, § 1225(b)(1), applies. Obj. at 1–2. Relatedly, Respondents contend *Santillan Quiroz* is inapposite because it addressed § 1225(b)(2)(A), not § 1225(b)(1), and therefore does not resolve whether

Petitioner remains subject to § 1225(b)(1) as an arriving alien following the termination of his parole. *Id.* The Court agrees with Petitioner, however, that Judge Stephens "correctly framed Respondents' position as a § 1225(b)(1) argument," Resp. at 2, and properly contextualized the portions of *Santillan Quiroz* that are incorporated into the Report and Recommendation.

Respondents also object to Judge Stephens' conclusion that § 1226(a) controls Petitioner's detention. Obj. at 3–6. Specifically, Respondents assert that a noncitizen entering at a port of entry is an arriving alien under § 1225(b)(1) and that humanitarian parole does not disturb that status. Although employing a de novo review, the Court declines to engage in lengthy analysis. This Court, and indeed many others in this district and nationwide, have concluded that § 1226(a) controls in this situation. *See, e.g., Ismanov v. Grant*, No. CIV-26-453-HE (W.D. Okla. Apr. 24, 2026); *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026) (collecting cases); *Ochilov v. Grant*, No. CIV-26-526-R, 2026 WL 1896139, at *2 (W.D. Okla. July 1, 2026); *Pena Rebolledo v. Figueroa*, No. CIV-26-959-SLP, 2026 WL 2211681, at *1 & n.1 (W.D. Okla. July 31, 2026) (considering a materially similar objection, collecting cases, and distinguishing authorities on which Respondents rely here); *Bello Rodriguez v. Diamondback Installation*, No. CIV-26-1188-D, 2026 WL 2364679, at *1–2 (W.D. Okla. Aug. 14, 2026).[1]

Considering Petitioner was paroled into the United States, permitted to reside in the interior of the country several months past the expiration of his parole, pursued an asylum application, and complied with the conditions of his release before being re-detained, the Court finds his detention is most naturally characterized as detention "pending a decision on whether the alien is to be

---

[1] Notably, Petitioner asserts that Respondents' argument is belied by the express language of Petitioner's arrest warrant. As Petitioner explains, he was taken "into custody under the § 1226 apparatus" because the warrant invokes a provision of the INA codified at 8 U.S.C. § 1226 and was issued based on "the pendency of ongoing removal proceedings" against Petitioner. Resp. at 3; [Doc. No. 11-4].

removed from the United States" within the meaning of 8 U.S.C. § 1226(a). *See Rafibaev v. Noem*, No. 26-CV-00461-PAB, 2026 WL 607559, at *2 (D. Colo. Mar. 4, 2026) ("[W]here petitioner has been released on parole pursuant to § 1182(d)(5)(A) for nearly two years, it is illogical to suggest that his re-detention is governed by § 1225(b)(1), which . . . governs procedures for the inspection of aliens arriving in the United States who have not been admitted or paroled.") (citation modified). Accordingly, the Court agrees with Judge Stephens' recommendation that the proper remedy is a bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a). *Zhakhonov*, 2026 WL 1865418, at *3.[2]

## IV. <u>Conclusion</u>

For the reasons above, the Report and Recommendation [Doc. No. 16] is ADOPTED and Petitioner's Petition for Writ of Habeas Corpus is GRANTED IN PART in so far as it alleges Respondents violated the Immigration and Nationality Act. The Court ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days of the date of this Order, or release Petitioner if no hearing occurs within that period. Respondents shall certify compliance within ten days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 20th day of August, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

[2] Because the Court grants Petitioner relief on this issue, it declines to address his remaining claims. *See* Rep. & Rec. at 9; Resp. at 5–6 ("The Recommended Remedy is Modest and Correct.").